UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOROCCAN OIL,<br><br>　　Plaintiff,<br><br>v.<br><br>TONY CONFORTI, SALON DISTRIBUTION, INC., and DOES 1 through 10 inclusive,<br><br>　　Defendants. | Civil Action Number:<br>2:11-cv-00136<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I.　INTRODUCTION

On January 7, 2011, Plaintiff Moroccan Oil filed a complaint against Tony Conforti and Salon Distribution, Inc. The Complaint asserted three causes of action: (i) trademark counterfeiting and infringement; (ii) false designation and false representation; and (iii) common law unfair competition and conspiracy. On February 28, 2011, Defendants filed a Motion to Dismiss for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) or Alternatively, to Dismiss for Plaintiff's failure to Include Indispensible Parties Pursuant to Fed. R. Civ. P. 19.

For the reasons elaborated below, the Court will **DISMISS** the Rule 19 defense, and will **DISMISS** as premature the Rule 12(b)(2) defense, with permission for Defendants to refile a motion to dismiss under Rule 12(b)(2), after Plaintiff has discovery in regard to personal jurisdiction.

### II.　FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

The Complaint alleges that Plaintiff owns and uses a number of trademarks on its products and that these trademarks are federally registered in class 3 on the Principal Register of the United States Trademark Office. One such product is Moroccan Oil Treatment. Plaintiff alleges that Defendants Salon Distribution, Inc. ("SDI"), an Ontario corporation, and Tony Conforti, a resident of Ontario, Canada, and the owner/operator of

1

SDI, are distributing and selling counterfeit Moroccan Oil products to customers in New Jersey. One such New Jersey customer is Beyond Beauty Distributors, Inc. ("BBDI"), a business located in Norwood, New Jersey. Plaintiff seeks injunctive relief and damages.

### III.   STANDARD OF REVIEW

The Defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### IV.   ANALYSIS

In Defendants' Motion to Dismiss, which is supported by an affidavit, Defendants argue that neither Conforti nor SDI are subject to personal jurisdiction in this Court. As to general jurisdiction, Defendants argue that they have no systematic contacts with the New Jersey forum. As to specific jurisdiction, Defendants argue that SDI's dealings were exclusively with BBDI. According to Defendants, BBDI took possession of the alleged counterfeit product in Canada and BBDI – not Defendants – shipped it to New Jersey. Defendants argue that they have had no New Jersey contacts in regard to the specific transaction mentioned in the Complaint, and thus there is no good grounds for specific jurisdiction.

By grounding its position in an affidavit in regard to an absence of New Jersey contacts, Defendants are effectively attempting to convert their motion to dismiss into a summary judgment motion. Such a conversion is not usually appropriate where personal jurisdiction is contested. Presumably, all the relevant information is in the possession of Defendants, making it difficult, if not impossible, for Plaintiff to come forward with counter-affidavits. Therefore, the rule in this circuit is not to look to affidavits – Defendants or Plaintiffs – at this stage. Rather, the Court will award jurisdictional discovery based on the allegations of the complaint. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by

allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous. If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." (quotation marks, citations, and brackets omitted)); *1st Fed. S & L Ass'n of Van Wert v. U.S. Sterling Capital Corp*., 2005 WL 548932, at *2 (N.D. Ohio Mar. 7, 2005) ("U.S. Sterling also contests this court's *in personam* jurisdiction and venue. None of these issues can properly be decided simply based on the back-and-forth contentions of the parties' briefs. Discovery as to each is essential to fair adjudication. Defendants' effort to seek summary judgment is premature."). Plaintiff has met its burden here and jurisdictional discovery will be ordered. The asserted Rule 12(b)(2) defense is dismissed as premature.

Defendants additionally seek dismissal under Rule 19, and argue that the absence of BBDI as a party leaves them at risk of multiple or inconsistent judgments. The gravamen of the defense is that Defendants are currently defendants in this suit *and* in suits in Canada and California, and that those actions allege the same causes of action and the same nexus of facts at issue here. The fact that Defendants face concurrent litigation in multiple fora raises practical issues in regard to the waste of judicial resources. But concurrent litigation does not in and of itself establish that Defendants are at risk of multiple or inconsistent judgments. Defendants arguments on this point are entirely conclusory. Presumably, when the first forum reaches a final judgment, Defendants can plead *res judicata* in the remaining fora. *See* Fed. R. Civ. P. 19.

## V.  CONCLUSION

For the reasons elaborated above, the Court **DISMISSES** the Rule 19 defense, and **DISMISSES** as premature the Rule 12(b)(2) defense, with permission for Defendants to refile a motion to dismiss under Rule 12(b)(2), after Plaintiff has discovery in regard to personal jurisdiction.

This matter is referred to the Magistrate Judge for the purpose of scheduling discovery exclusively in regard to personal jurisdiction.

s/ William J. Martini

**DATE: March 31, 2011**                               **William J. Martini, U.S.D.J.**