UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOROCCANOIL, INC.,**<br><br>    Plaintiff,<br><br>  v.<br><br>**TONY CONFORTI,** *et al.*,<br><br>    Defendants/Third-Party<br>    Plaintiffs,<br><br>  v.<br><br>**KEVIN CORONA,** *et al.*,<br><br>    Third-Party Defendants. | Civ. No. 2:11-cv-00136 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Moroccanoil, Inc. ("Moroccanoil") filed this action against defendants Tony Conforti and Salon Distribution, Inc. ("SDI") for violations of the Lanham Act, alleging that defendants infringed Moroccanoil's trademarks and copyrights and distributed counterfeit Moroccanoil products. Conforti and SDI then filed a Third Party Complaint against Venus Beauty Supplies, Ltd. ("Venus"), alleging that Venus sold them the allegedly counterfeit products. This matter comes before the Court on Venus's motion to dismiss the Third Party Complaint for lack of personal jurisdiction. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Venus's motion to dismiss is **GRANTED**.

### I.     BACKGROUND

The following facts are drawn from the Complaint, the Third Party Complaint, and the supplemental briefing submitted by the parties after they conducted jurisdictional discovery.

1

The original Complaint in this case was filed by Moroccanoil against Conforti and SDI. Plaintiff Moroccanoil is a California corporation located in Los Angeles that distributes a line of professional hair care products in New Jersey and throughout the United States. Compl. ¶ 3. Defendant Conforti is an individual residing in Ontario, Canada and a citizen of Canada. Compl. ¶ 11. Defendant SDI is a Canadian corporation with its principal place of business in Ontario, Canada. Compl. ¶ 12. Conforti is the owner and operator of SDI. Compl. ¶ 12. The Complaint asserts that this Court has personal jurisdiction over Conforti and SDI because they distributed and sold counterfeit Moroccan Oil Treatment products in New Jersey. Compl. ¶ 2.

On May 25, 2011, Conforti and SDI filed a Third Party Complaint against Venus, Kevin Corona, and Beyond Beauty, Inc. ("Beyond Beauty"). Venus is a Canadian company headquartered in Ontario, Canada. Third Party Complaint ("TPC") ¶ 5, ECF No. 22. Venus operates three satellite offices, all located in Canada. *See* Affidavit of Ronald J. Campione, Esq., SDI's Supplemental Br. Ex. A ("Campione Aff.") at 9:22-25, ECF No. 46-1. The Third-Party Complaint alleges that Venus (located in Canada) sold the counterfeit products at issue to Conforti and SDI (who are also located in Canada). TPC ¶ 1, 2, 5, 11. Conforti and SDI then sold the products to Corona and Beyond Beauty, who are located in New Jersey. To transport the products from SDI in Canada to their location New Jersey, Corona and Beyond Beauty hired a third-party shipping company to make the delivery. *Id.* ¶¶ 12, 13.

Conforti and SDI also assert that Venus has contacts with the United States on a regular basis. For example, Venus purchases professional beauty supply products from thirty-eight suppliers in the United States. *See* Campione Aff. Ex. B. Since 2006, Venus has entered into approximately 973 purchase transactions with these suppliers. *Id.*; *see also* Campione Aff. Ex. A at 29:105-106. One of Venus' suppliers is Mykon International, Inc. ("Mykon"), a beauty supply company located in Ridgefield, New Jersey. Campione Aff. Ex. C. Mykon is Venus's exclusive distributor of a popular brand of salon scissors called "Krystal-Q." Campione Aff. Ex. A at 48:221. Venus ordered scissors from Mykon four times in 2007, three times in 2008, not at all in 2009, twice in 2010, and twice in 2011. Campione Aff., Ex. C. The cost of these orders never exceeded $2,805.90. *Id.* Conforti and SDI also assert that Venus is a supplier for Regis, Inc., a company located in Chattanooga, Tennessee; Venus attends trade shows in Las Vegas, Nevada and Chicago, Illinois; Venus contracts with a U.S.-based educator, to provide educational services at Venus's locations in Canada; and that Venus engages a customs broker and a software company in the United States. Campione Aff. Ex. A at 26:98-27:103; 14:53-15:59; 31-32.

## II.   LEGAL STANDARD

"Rule 14 makes very generous provision for impleading third parties," however, "a court cannot proceed with an impleader action unless personal jurisdiction [is]

obtained over the third-party defendant." Wright & Miller, 20 Fed. Prac. & Proc. Deskbook § 81 (2009). The burden is on the third-party plaintiff to demonstrate that the third-party defendant had contacts with forum state sufficient to give the federal district court jurisdiction. *Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d Cir. 1986). In determining the propriety of a purported exercise of personal jurisdiction, a court undertakes a two-step inquiry. *IMO Indus., Inc. v. Kierkert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court applies the relevant long-arm statute of the forum state to determine if it permits the exercise of jurisdiction, and second, the Court applies the principles of due process. *Id.* In New Jersey, these two steps are one because the New Jersey long-arm rule extends to the limits of the Fourteenth Amendment's due process protection. N.J. Court. R. 4:4-4(c).

### III. DISCUSSION

Conforti and SDI allege that the Court has personal jurisdiction over Venus on two grounds. First, they allege that Venus is subject to general personal jurisdiction because Venus has systematic and continuous contacts with New Jersey. Second, they allege that Venus is subject to personal jurisdiction in New Jersey based on a "national contacts" theory.[1] Each argument will be addressed in turn.

#### a. GENERAL JURISDICTION

Conforti and SDI argue that general jurisdiction may be exercised over Venus based on two sets of contacts that Venus has had with New Jersey: (1) Venus's sale of the allegedly counterfeit products to SDI; and (2) Venus's purchases of Krystal Q scissors from Mykon, a company located in New Jersey. The Court finds that neither of these contacts gives rise to general jurisdiction.

A party is subject to the personal jurisdiction of the Court through either specific or general jurisdiction. *See J Mcintyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2789 (2011). General jurisdiction can be established if the plaintiff shows that the defendant's contacts with the forum are continuous and substantial, which requires "significantly more than minimum contacts." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n.*, 819 F.2d 434, 437 (3d Cir. 1987). The Supreme Court recently explained: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 131 S.Ct. 2846, 2853-54 (2011).

---

[1] Conforti and SDI abandoned their argument that specific jurisdiction can be exercised over Venus in New Jersey.

Venus's sale of allegedly counterfeit products to SDI does not constitute a contact with New Jersey. According to the Third Party Complaint, Venus, located in Canada, sold products to Conforti and SDI, also located in Canada. Venus's sale of products to another company in Canada does not constitute a contact with New Jersey. And Conforti and SDI's subsequent sale of those products to a company in New Jersey cannot constitute a basis of personal jurisdiction over Venus. *See Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 59 (3d Cir. 1986) (unilateral activity of third-party plaintiff could not constitute basis of personal jurisdiction over third-party defendant).

Similarly, Venus's purchases of Krystal Q scissors from Mykon cannot give rise to personal jurisdiction over Venus in New Jersey. Venus ordered scissors from Mykon four times in 2007, three times in 2008, twice in 2010, and twice in 2011. None of these purchases exceeded $2,805.90. These isolated purchases fall woefully short of the continuous and substantial contacts required to give rise to personal jurisdiction, and they certainly do not make New Jersey the company's "home." Further, the Supreme Court has expressly stated that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984).

Accordingly, general jurisdiction over Venus has not been established in New Jersey.

### b. NATIONAL CONTACTS

Conforti and SDI assert that Venus is also subject to personal jurisdiction in New Jersey based on a "national contacts" theory. Specifically, Conforti and SDI argue Venus's contacts with the United States as a whole subject Venus to this Court's jurisdiction. The Court disagrees.

Federal Rule of Civil Procedure 4(k)(2) "extends personal jurisdiction over foreign defendants for claims arising under federal law if that person is not subject to personal jurisdiction in any state but has sufficient contacts with the nation as a whole to justify the imposition of the laws of the United States." *See West Africa Trading & Shipping Co. v. London Int'l Group*, 968 F. Supp. 996, 1000-01 (D.N.J. 1997); *see also In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298-99 (3d Cir. 2004). By its terms, Rule 4(k)(2) applies only to a claim "that arises under federal law."

Venus cannot be subject to personal jurisdiction based on a national contacts theory because the claims asserted against Venus do not arise under federal law. The single count of the Third-Party Complaint asserted against Venus is a claim for "Common Law Indemnification and Contribution." Third-Party Compl. ¶¶ 16-19, ECF No. 22. These are not federal claims. *See Santana Prods. Inc. v. Bobrick Washroom Equip. Inc.*, 69 F.Supp.2d 678, 684, 687 (M.D. Pa. 1999) ("There is no right to

contribution under the Lanham Act"; "[T]here is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under the Sherman Act or the Lanham Act."); *see also Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988) (no federal common law of contribution, and no statutory right of contribution under Lanham Act).

Accordingly, Venus cannot be subject to personal jurisdiction in New Jersey based on a "national contacts" theory.

### IV. CONCLUSION

For the reasons stated above, Venus's motion to dismiss is **GRANTED**, and Venus is dismissed from the action for lack of personal jurisdiction. An appropriate order follows.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 1, 2012**