**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOROCCANOIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> TONY CONFORTI, et al., <br><br> Defendants. | Civ. No. 11-cv-0136 (KM) (MAH) <br><br> **MEMORANDUM OPINION** |

**MCNULTY, District Judge**

This matter comes before the Court on cross-motions to enforce a settlement agreement brought by plaintiff, Moroccanoil, Inc. (ECF no. 107) and defendants, Tony Conforti and Salon Distribution, Inc. ("SDI") (ECF no. 118). The parties have treated the motions as ones for summary judgment, pursuant to Fed. R. Civ. P. 56, and I agree with their approach. Finding that the parties' contentions cannot be resolved on the papers, I will deny both motions and direct them to Magistrate Judge Hammer to work out a schedule for discovery so that the issues can be postured for summary judgment or an evidentiary hearing.

**I.    DISCUSSION**

**A.    Applicable Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).

1

In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### B. The Settlement Agreement and the Alleged Breach

Moroccanoil distributes a line of hair care products. Defendants own and operate a chain of hair salons. In 2011, Moroccanoil sued Defendants for trademark infringement, claiming that they were distributing a line of counterfeit Moroccanoil products. The case, originally assigned to Judge William Martini, was reassigned to me.

The action was settled. On September 13, 2013, I signed and filed a stipulations and order of dismissal in which I retained jurisdiction to enforce the settlement agreement. (ECF no. 104) From April–September 2015, the parties filed briefs and other papers in connection with their contentions that the settlement agreement had been breached and should be enforced.

What follows is just a sample of the factual allegations in the parties' papers.

In the Agreement, Defendants committed themselves to purchase $1.29 Million (denominated in Canadian Dollars ("CDN")) of genuine Moroccanoil products, and would sell them only to end users in their salons. According to Moroccanoil, Defendants have breached the Agreement by reselling large wholesale quantities of Moroccanoil products to an unauthorized retail store, "Suki," in Macau, China. (PSMF ¶¶ 35–39)

Moroccanoil seeks $374,279 CDN in actual damages, as well as $860,000 CDN in liquidated damages, return of the products, and a permanent injunction prohibiting Defendants from dealing in Moroccanoil products.

The orders involved in the Macau sales were allegedly nos. 406809, 403209, 418387, and 401577. (DSMF ¶12) According to defendants, they never even received products under two of those numbers, which were surreptitiously altered by Venus, Moroccanoil's distributor. (DSMF ¶ 19) Defendants state that they fully accounted for the sales as required by the Agreement, but that Moroccanoil denied they had done so and unilaterally ceased filling Defendants' orders. (DSMF ¶¶ 19, 20, 21)

Defendants provided hard copies of the already-provided electronic record encompassing the four order numbers at issue. (DSMF ¶ 27) Meanwhile,

3

Moroccanoil itself failed to provide specifics about the alleged Macau sales. (DSMF ¶¶ 22-23) Any product sold at Suki in Macau, they contend, were not diverted by them; certain of the products, for example, were of a kind not included in the four orders. A person who allegedly observed the product in the Suki store has not submitted an affidavit. Much of the other evidence submitted by Moroccanoil, say Defendants, is inadmissible hearsay.

Based on its claims of breach, Moroccanoil allegedly wrongfully refused to fill orders. This, say Defendants, prevented them from fulfilling their purchase obligations under the Agreement (although they have to date allegedly purchased some $800,000 CDN worth). (DSMF ¶¶ 31-35)

Each party substantially denies the other's version of the events. At the very least, each has the right to depose the other's affiants and to inspect the documentary evidence.

I cannot and do not take any position on whose position is correct. I simply find that these summary judgment motions are premature. The issues involve, not just interpretation of the Agreement, but farflung events in Canada, the U.S., and China.

Pursuant to Fed. R. Civ. P. 56(d), I will deny the motions as presented. The parties are directed to set up a conference with the Magistrate Judge assigned to the case and work out a discovery schedule.

## CONCLUSION

For the reasons stated above, the defendants' motions for summary judgment will be DENIED. An appropriate Order accompanies this opinion.

Dated: March 30, 2016

*/s/ Kevin McNulty*
KEVIN MCNULTY
United States District Judge